UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| REBECCA J. BOWRING, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civ. No. 1:09-cv-00573-JAW |
| | ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) |
| | ) |
| Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Social Security Administration found that Rebecca J. Bowring has severe mental impairments that preclude her from performing substantial gainful activity and that she qualified as disabled as of June 30, 2007, resulting in approval of her application for supplemental security income under Title XVI of the Social Security Act. Bowring commenced this civil action for judicial review of the final administrative decision, alleging error in the decision to use June 30, 2007, as her onset date rather than April 22, 2004, an alleged onset date associated with a prior, unsuccessful application that was not timely appealed. I recommend that the Court remand for further proceedings.

**Discussion of Plaintiff's Statement of Errors**

The Commissioner's final decision is the September 11, 2009, decision of the Administrative Law Judge because the Decision Review Board did not complete its review during the time allowed (R. 1). The final decision reflects that Bowring filed an application on April 22, 2004, and that she failed to take any further action after her application was denied at the initial level of administrative review on July 14, 2004. (R.

6.) The Commissioner's regulations impose a 60-day limitation for requesting reconsideration of an initial determination. 20 C.F.R. § 416.1409(a). The 60-day period can be extended on a showing of good cause, even if the request for extension is submitted after the 60-day deadline. Id. § 416.1409(b). The good cause standard is supplied in the regulations. The Commissioner will consider:

> (1) What circumstances kept you from making the request on time;
>
> (2) Whether our action misled you;
>
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
>
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

Id. § 416.1411(a). If good cause is established, the Commissioner will "process the request for review in accordance with established procedures and the prior administrative action is not final or binding."

Bowring filed the instant (new) application for supplemental security income more than three years after denial of her initial claim. (R. 6.) The Commissioner's regulations provide that the Social Security Administration "may" reopen a determination or decision within 12 months, for any reason, and within two years, "if we find good cause, as defined in § 416.1489." 20 C.F.R. § 416.1488(a), (b). Cases can be reopened beyond the two-year limitation, but only if obtained by fraud or similar fault. Id. § 416.1488(c). Section 416.1489 provides a different good cause standard for reopening cases than the good cause standard applicable to extension of the 60-day deadline for seeking further

review of a pending claim.  Section 415.1489 provides that good cause exists to reopen a decision if:

> (1) New and material evidence is furnished;
>
> (2) A clerical error was made;  or
>
> (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

Id. § 416.1489(a).  The regulations, in effect, do not call for reopening cases more than two years after notice of a determination or decision, absent fraud or similar circumstances.

Bowring cites Social Security Ruling 91-5p in support of her appeal.  Social Security Ruling 91-5p is an interpretive ruling designed "to clarify our policy on establishing good cause for missing the deadline to request review."  It is offered "to avoid the improper application of res judicata or administrative finality when the evidence establishes that a claimant lacked the mental capacity to understand the procedures for requesting review."  Pursuant to the SSR 91-5p:

> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review.  If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply;  so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.

As a consequence of this Ruling, mentally incapacitated claimants who pursued a

disability claim without assistance from a legal representative may obtain relief from all deadlines if the evidence demonstrates that a mental incapacity prevented them from complying with regulatory deadlines. The Ruling provides a further standard to govern the analysis:

> In determining whether a claimant lacked the mental capacity to understand the procedures for requesting review, the adjudicator must consider the following factors as they existed at the time of the prior administrative action:
>
> -- inability to read or write;
>
> -- lack of facility with the English language;
>
> -- limited education;
>
> -- any mental or physical condition which limits the claimant's ability to do things for him/herself.

SSR 91-5p. "The decision as to what constitutes mental incapacity must be based on all the pertinent facts in a particular case. The adjudicator will resolve any reasonable doubt in favor of the claimant." Id. If cause exists, the adjudicator must "take the action which would have been appropriate had the claimant filed a timely request for review." Id. If the adjudicator finds that the standard is not met, he or she must provide a rationale for the finding and deny and dismiss the request. Id.

In this case, Bowring requested that her timed-out application be reopened pursuant to Ruling 91-5p. According to the Administrative Law Judge's findings, Bowring did not present any further evidence in support of that request, but instead relied on the medical records associated with her application for supplemental security income. (R. 6.) The Judge cited positive evidence of an educational background (GED) and

4

English literacy that weighed against reopening the claim and stated that the record contained "no evidence that with the experience of filing for disability benefits, she did not have the capacity to understand the process to file for reconsideration if she wished to do so." (Id.) Based on this absence of evidence, the Judge applied the rule of administrative finality, referencing the two-year limitation period. (Id.) Although the Judge did not offer an explicit finding concerning capacity to act (as opposed to capacity to understand), he did note that Bowring filed her own application on April 22, 2004, and implied that she did not "desire to continue her earlier filed case" as of July 14, 2004.

Bowring argues that the Administrative Law Judge erred because he applied "half a standard," based on his failure to explicitly discuss capacity to act, so that reasonable doubts remain that must be resolved in her favor. (Statement of Errors at 3.) As far as evidence in support of a finding of incapacity, Bowring cites the Judge's findings about her mental disabilities, which include post-traumatic stress disorder, borderline personality disorder, attention deficit hyperactivity disorder, anxiety disorder and major depressive disorder, recurrent severe with psychotic features. (Id. at 4, citing R. 9-10.) She also cites evidence that she was repeatedly hospitalized during the time period between September 2002 and May 2005. (Id.) Bowring does not object to the finding that she understood the need to file a written request for further review of her 2004 application.[1]

---

[1] Bowring states at one point that the Judge's finding about incapacity "only makes sense if simply understanding was seen as the standard for good cause for reopening, rather than inability to pursue." (Statement of Errors at 10.)
  Bowring also argues that a medical evaluation should have occurred to determine her actual onset date, citing Social Security Ruling (SSR) 82-20. Bowring argued at hearing that the proper remedy in this case would be

5

According to Bowring, she can succeed with her request to reopen so long as she shows either that she could not understand the procedures or that, understanding them, she could not pursue or act upon the procedures, citing <u>Torres v. Secretary</u>, 475 F.2d 466 (1973), Second Circuit precedent, and 20 C.F.R. § 416.1411(a)(4). (Statement of Errors at 5.) This is not a controversial issue. The Commissioner's regulations and the interpretive ruling promise a finding of incapacity based on a showing of <u>either</u> inability to understand <u>or</u> inability to act. If Bowring can demonstrate either kind of incapacity she is entitled to reopen her earlier application.

Bowring relies on whatever inferences might be drawn from the record rather than on any expert opinion addressed to the issue of whether she was or was not able to pursue a request for further review when she received notice that her claim was denied at the initial level of consideration. Bowring's representative's brief (R. 218) does not flag any records of note related to medical treatment in the 60-day window following July 14, 2004. Moreover, as the Judge observed, Bowring was able to file her own claim for benefits in April 2004. Bowring's ability to complete the application materials in April 2004 is suggestive of an ability to file a written request for further action on her application a few months later. Still, the Judge did not clearly make that finding.

A March 2004 record reflects that Bowring was pregnant when she applied for Title XVI supplemental income and that she was due to deliver in July 2004, the month

---

to remand with an instruction that a medical examination take place. SSR 83-20 describes a medical evaluation procedure for determining date of disability onset in relation to performing substantial work, not in relation to determining incapacity to file a letter requesting further review. Proof of disability, meaning an inability to perform substantial gainful activity, does not establish incapacity to file a request for review. SSR 83-20, in other words, does not provide the relief Bowring seeks. Her attempt to shift the burden of proof therefore fails.

in which she received notice that her application was denied. Bowring was not taking her medications due to the pregnancy. (R. 264-65.) At oral argument, Bowring's counsel noted that a review of the hearing transcript and certain records (e.g., Ex. 20F) would reflect that Bowring's mental impairment is marked by personality disorder and post traumatic stress arising from childhood events and, as such, is not fairly regarded as an episodic impairment or a new condition with a more recent onset.[2] I agree with Bowring that this evidence at least makes out a colorable claim that her mental impairments are to blame for her failure to request further consideration in July 2004 or within the applicable time limit for timely requesting further consideration. Boothby v. Social Sec. Admin. Comm'r, No. 97-1245, 1997 U.S. App. LEXIS 32746, 1997 WL 727535 (1st Cir. Nov. 18, 1997).[3] The medical records demonstrate repeated hospitalization for suicidal ideation and the presence of a personality disorder that might well be described as defeatist and overwhelming, which suggests the possibility that Bowring would have been thoroughly discouraged from pursuing her claim in 2004 in the face of an initial rejection. (Ex. 11F, 12F, 19F, 20F.) Bowring was also off her medications at the time. Because the medical records give rise to a colorable claim of incapacity to pursue, the Administrative Law Judge should address the issue directly. A finding that Bowring did not "desire to continue her earlier filed case" (R. 6) is not a sufficient finding with respect to whether her mental impairment is the underlying cause for her failure to pursue. It is

---

[2]   Bowring also argues that her failure to pursue can be explained by her fear of men. The difficulty with this evidence, as the Commissioner noted, is that Bowring was not required to appear before any male claims personnel in order to file a paper request for further administrative consideration of her application. Bowring's fear of men is not sufficient in itself to establish incapacity to pursue a written appeal.

[3]   See also Freese v. Astrue, Civ. No. 07-1-P-S, 2007 U.S. Dist. Lexis 68021, *22-25, 2007 WL 2710341, *7 (Sept. 12, 2007) (Mag. J. Cohen, Report and Recommendation) (collecting cases).

7

not for the Court to determine this issue in the first instance.

## Conclusion

For the reasons outlined above, I RECOMMEND that the Court REMAND for further proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 21, 2010