UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| REBECCA J. BOWRING, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:09-cv-00573-JAW |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION
ON UNOPPOSED MOTION TO CLARIFY**

Rebecca J. Bowring applied for, and was granted, supplemental security income under Title XVI of the Social Security Act. However, she appealed the decision awarding her benefits because the determination was that she qualified as disabled only as of June 30, 2007, and failed to adequately address whether her onset date should be April 22, 2004, based on a prior, denied application that Bowring failed to timely appeal. This Court concluded that the administrative decision to deny reopening of the prior application was erroneous because the Commissioner addressed only one of two possible bases for determining whether mental incapacity justified reopening the prior application. Because Bowring presented a colorable argument that the second basis was satisfied, the Court remanded the case so that the Commissioner could address that one remaining basis for finding incapacity, noting that it was not the Court's role to decide the issue de novo. The recommendation was that the Court remand the matter for further proceedings, but the recommended decision included a recommendation that the administrative decision be "vacated" as well. The Court adopted that recommendation in the absence of any

objection from the Commissioner. (Order Adopting Report and Recommended Decision, Doc. No. 17; Report and Recommended Decision, Doc. No. 16.)

Bowring now presents a motion seeking clarification concerning the Court's disposition. The motion is unopposed. (Unopposed Motion to Clarify, Doc. No. 23.) Bowring reports that upon remand, the administrative law judge assigned to the case by the Appeals Council has taken the position that the Court's order nullified all aspects of the prior decision and, consequently, he is required to conduct de novo proceedings. Conceivably, at least in theory, the judge might change his determination that Bowring has established disability in connection with her June 2007 application. Bowring reports that the Appeals Council refuses to direct the administrative law judge to proceed otherwise. The Commissioner has remained silent on the issue. However, the administrative law judge has granted a motion to continue the hearing, in deference to the Court, so that the Court may first address the instant motion.

## DISCUSSION

Bowring believes that it would deprive her of due process of law if the administrative law judge were to conduct de novo proceedings on issues previously decided in her favor. To do so, in her view, would impose a sanction or "burden" on her exercise of the right of appeal. The Commissioner offers no objection or comment.

In an analogous case, Judge Hornby recently adopted a recommendation offered by Magistrate Judge Rich that the Commissioner be directed to restrict proceedings on remand to the solitary issue raised and addressed by the Court on appeal, lest there be a "chilling effect on the exercise of claimants' appeal rights" or a new administrative decision "inconsistent" with the order of remand, specifically noting that these are not "garden-variety" cases remanding decisions *denying* benefits. (Steele v. Astrue, Comm'r of Soc. Sec., No. 09-548-P-H: Order

2

Affirming Recommended Decision, Doc. No. 26; Recommended Decision on Motion for Clarification, Doc. No. 25.)

I agree with Judge Rich, as did Judge Hornby, that there is a potential for a chilling effect on the exercise of the right to petition the courts in the context of a case involving a finding of disability and a limited legal challenge on appeal that does not call the disability determination into question. It would be an exceptional development for the Commissioner to revisit these favorable disability findings when further proceedings have been directed exclusively for consideration of whether *an earlier application* should have been reopened. After all, this Court's "mandate" touches on only that narrow question. All other administrative determinations went unchallenged and were undisturbed by the Court's discussion. Therefore, the Court's order should not be read to require de novo proceedings on remand. Cf. Kashner Davidson Sec. Corp. v. Mscisz, 601 F.3d 19, 23-24 (1st Cir. 2010) (discussing the impact of appellate court mandates on subsequent district court decisions). In this particular presentation, revisiting the favorable disability finding would appear arbitrary without some good cause to support it. Indeed, despite the Court's use of the vacatur language, there is some question whether the order of remand kept alive any administrative claim other than the one associated with the 2004 application.

Bearing all of this in mind, I do not believe that it would be an arbitrary act for the Commissioner to require that the medical records be updated on remand, or to request expert guidance on remand, or to question the claimant on remand, understanding that all of these supplemental sources of evidence may provide some insight into whether or not Bowring was incapable of appealing the denial of her 2004 application. In other words, an order granting the Motion to Clarify should not be interpreted as an order dictating that the record be treated as

closed.  But in the absence of some evidence of past malingering, prior false statements, or other persuasive evidence that the administrative law judge labored under a basic misconception of the evidence, it would be inappropriate to disturb prior administrative findings that have never been challenged.  Insofar as those findings have remained undisturbed for more than a year now, even the Commissioner's regulations would appear to require good cause for reopening proceedings on the 2007 application.  42 U.S.C. §§ 416.1488, 416.1489.  It also bears mention that the statutory provision for judicial review states that all findings supported by substantial evidence "shall be conclusive."  42 U.S.C. § 405(g).  The Court never found that the finding of disability was not supported by substantial evidence.  The Court never even addressed that question.

Despite all of the foregoing discussion, there is no cause to believe that the Commissioner, the Appeals Council, or the administrative law judge would seek to reopen and revisit an application previously decided in a claimant's favor, merely because she successfully pursued an appeal.  Nothing in the foregoing discussion is meant to suggest that the Court has assumed the presence of any retaliatory intent on the part of the Commissioner or his administration.  By all appearances, the Commissioner's concern is that the Court's inclusion of broad language stating that the administrative decision was vacated effectively nullified all of the administrative law judge's prior findings.  Perhaps the Court's use of the vacatur language is unnecessary in the social security context.  Title 42 U.S.C. § 405(g) indicates that the Court has the power to issue a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Utilizing this language, the Court's disposition should more appropriately have directed *reversal* of the administrative decision, *in part*, and *remand* limited to further proceedings consistent with the Court's discussion of the error identified on appeal.

It is intended that the clarification arising from this recommended decision, should it be adopted by the Court, will facilitate the more expeditious review of the remanded question. Given the administrative case load, it is presumed that the Commissioner does not wish to pursue de novo consideration of all issues as a matter of course following every order of remand, simply because the Court has used vacatur language in its remand order. The Commissioner should not labor under any misapprehension that this Court nullifies all administrative findings whenever it issues an order vacating and remanding on the basis of an error in a particular finding.[1]

CONCLUSION

I RECOMMEND that the Court GRANT the Unopposed Motion for Clarification (Doc. No. 23) and modify its order and judgment to state that the Commissioner's administrative decision is reversed, in part, and that the matter is remanded for further proceedings on the 2004 application.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[1] The Court recently questioned whether the doctrines of law of the case and the rule of mandates should restrict the Commissioner's ability to revisit a claimant-favorable step 4 finding following the court's reversal of an unfavorable step 5 finding. The Court avoided the issue based on a determination that the Commissioner's revised step 4 finding was not supported by substantial evidence. (Pelletier v. Soc. Sec. Admin. Comm'r, 1:10-cv-00438-DBH.) As noted in the Pelletier decision, the law of the case and the rule of mandates are not straightjackets. These doctrines are directed more toward legal conclusions than toward factual findings. Even in the context of legal conclusions, for example, law of the case "does not limit a tribunal's power" but guides its exercise of discretion. Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). An appellate mandate, similarly, does not require de novo proceedings on remand unless that is "necessarily inferred from the disposition on appeal." NLRB v. Goodless Bros. Elec. Co., 285 F.3d 102, 107 (1st Cir. 2002). The point here is that the Commissioner is not constrained to interpret the vacatur language as requiring de novo proceedings on remand.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 28, 2011